IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW W. GOULD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: |
| | § | |
| MASER CONSULTING INC. F/K/A MASER | § | |
| CONSULTING P.A., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Maser Consulting Inc. f/k/a Maser Consulting P.A. ("Defendant") files its Notice of Removal of this action and states the following grounds for removal:

## I.
## STATE PROCEEDING

1.     On November 18, 2020, Plaintiff Matthew W. Gould ("Plaintiff") filed this civil action against Defendant in the 68th Judicial District Court, Dallas County, Texas ("State Court Action"), Cause No. DC-20-17224, alleging disability discrimination and retaliation under the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act ("ADA"). (*See* Plaintiff's Original Petition, ¶ 13).

2.     As required by 28 U.S.C. § 1446(a), an index of all documents filed in the State Court Action and the date of filing for each, as well as the state docket sheet, is included in Defendant's Appendix to Removal.

**II.**
**REMOVAL IS TIMELY**

3.     Service of process on Defendant has not occurred.  Defendant has timely filed this Notice of Removal within the time period required under 28 U.S.C. § 1446(b).

**III.**
**BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

4.     This Court has original jurisdiction over Plaintiff's claims based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  Diversity of citizenship exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995); 28 U.S.C. § 1332.

**A.  Diversity of Citizenship**

5.     As set forth in the Petition, Plaintiff, an individual, is a citizen of Texas.

6.     A corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated and (2) the U.S. state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

7.      Defendant is currently, and was at the time the state court action was filed, a citizen of the State of New Jersey within the meaning of 28 U.S.C. § 1332.

8.     Defendant is incorporated under the laws of the State of New Jersey.  (Curtis Declaration, ¶ 3).

9.     Defendant maintains its principal place of business in Red Bank, New Jersey where all of its executive, administrative, financial, and management functions are conducted. The Board is located in Red Bank, New Jersey.  (Curtis Declaration, ¶ 3).  The control of business operations and decision-making take place in Red Bank, New Jersey.  (Curtis Declaration, ¶ 3).  There are approximately 500 employees in New Jersey as opposed to

approximately 30 employees in Texas.  (Curtis Declaration, ¶ 3).

10.    As seen above, Plaintiff is a citizen of Texas, and Defendant is a citizen of New Jersey.  Therefore, complete diversity exists, and this Court has original jurisdiction over the state court action under 28 U.S.C. § 1332.

**B.  Amount in Controversy**

11.    Plaintiff's Petition states that Plaintiff seeks recovery of damages exceeding $200,000 but less than $1,000,000.

12.    Plaintiff's Petition states that Plaintiff seeks multiple categories of damages. Specifically, Plaintiff seeks damages for lost wages, mental anguish, suffering, and emotional distress, compensatory damages, punitive damages, attorneys' fees, and costs.

13.    Accordingly, because this action is wholly between citizens of different states, and because the amount in controversy exceeds $75,000 exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  This action is therefore removable pursuant to 28 U.S.C. § 1441.

## IV.    FEDERAL DIVERSITY JURISDICTION

14.    Plaintiff's Original Petition alleges that Defendant violated Title VII and the ADA.  Each of these claims arise under the laws of the United States.  Accordingly, this Court has federal jurisdiction. *See* 28 U.S.C. § 1331.

## V.    PROCEDURAL STATEMENTS

15.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

16.     The Northern District of Texas, Dallas Division, embraces the District Court of Dallas County, Texas.  As the state court action is pending in the 68th District Court of Dallas County, Texas, removal to this Court is proper under 28 U.S.C. §1441(a).

17.     Pursuant to 28 U.S.C. §1446(d), Defendant, the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal and file a written Notice of Removal with the Clerk of the 68th Judicial District Court of Dallas County, Texas where the action is currently pending.

18.     Defendant's Appendix to Removal is filed contemporaneously herewith.

19.     A completed Federal Civil Cover Sheet, Supplemental Civil Cover Sheet, and removal fee accompany this Notice of Removal.

WHEREFORE, Defendant give notice that the referenced action pending in the 68th Dallas County District Court of Dallas County, Texas, Cause No. DC-20-17224 has been removed to this Court.

Dated this 18th day of December, 2020.

Respectfully submitted,

/s/ Victor N. Corpuz
Victor N. Corpuz
State Bar No. 04838450
Victor.Corpuz@jacksonlewis.com
Claire L. Cook
State Bar No. 24086220
Claire.Cook@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEY FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance to the Federal Rules of Civil Produce on this 18th, day of December, 2020.

Robert L. Chaiken
Carrie P. Kitner
CHARIKEN & CHAIKEN, P.C.
5717 Legacy Drive, Suite 250
Plano, Texas 75024
rchaiken@chaikenlaw.com
ckitner@chaikenlaw.com

/s/ Victor N. Corpuz
Victor N. Corpuz

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW W. GOULD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: |
| | § | |
| MASER CONSULTING INC. F/K/A MASER | § | |
| CONSULTING P.A. | § | |
| | § | |
| Defendant. | § | |

## **DECLARATION OF BRIAN E. CURTIS**

I, Brian Curtis, declare under the penalty of perjury as follows:

1.      My name is Brian E. Curtis.  I am over the age of 18 years, am of sound mind, and have personal knowledge of the facts stated in this declaration.

2.      I am currently employed by Maser Consulting Inc. f/k/a Maser Consulting P.A. as Vice President and General Counsel.  My office is located at Red Bank, New Jersey.  I have been employed in this position since June 2018.

3.      In connection with my position as Vice President General Counsel, I am familiar with factual details regarding Maser Consulting and its corporate operations. Maser Consulting is a corporation organized under the laws of New Jersey.  The principal place of business is located in Red Bank, New Jersey.  All of the executive, administrative, financial, and management functions are conducted in Red Bank, New Jersey.  The control of business operations and decision-making take place in Red Bank, New Jersey.  There are approximately 500 employees in New Jersey, whereas there are approximately 30 employees in Texas.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on December 18, 2020.

_____
BRIAN E. CURTIS, ESQ.
Vice President. General Counsel

JS 44 (Rev. 10/20) - TXND (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Matthew W. Gould

## DEFENDANTS

Maser Consulting Inc. f/k/a Maser Consulting P.A. d/b/a Maser Consulting, P.A., Inc.

**(b)** County of Residence of First Listed Plaintiff   Denton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert L. Chaiken, Carrie P. Kitner, Chaiken & Chaiken, PC, 5717 Legacy Dr., Suite 250, Plano, Texas 75024, (214) 265-0250

Attorneys *(If Known)*

Victor N. Corpuz, Claire L. Cook, Jackson Lewis, P.C., 500 N. Akard, Suite 2500, Dallas, Texas 75201, (214) 520-2400

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Disability discrimination and retaliation under the Texas Labor Code, Title VII of the Civil Rights Act of 1964

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
December 18, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Victor N. Corpuz

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    | Court | Case Number |
    |-------|-------------|
    | 68th Judicial District, Dallas County, Texas | DC-20-17224 |

2. **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

    | Party and Party Type | Attorney(s) |
    |----------------------|-------------|
    | Matthew W. Gould, Plaintiff | Robert L. Chaiken State Bar No. 04057830, Carrie P. Kitner, State Bar No. 24074921 |
    |  | Chaiken & Chaiken, PC, 5717 Legacy Dr., Suite 250, Plano, TX 75024 (214) 265-0250 |
    | Maser Consulting Inc. f/k/a Maser Consulting P.A. d/b/a | Victor N. Corpuz, State Bar No. 04838450, Claire L. Cook, State Bar No. 24086220 |
    | Maser Consulting, Inc., P.A., Inc., Defendants | Jackson Lewis PC, 500 N. Akard, Suite 2500, Dallas, TX 75201, (214) 520-2400 |
    |  |  |

3. **Jury Demand:**

    Was a Jury Demand made in State Court?    ☑ Yes          ☐ No

    If "*Yes,*" by which party and on what date?

    Matthew W. Gould, Plaintiff                          11/18/2020
    Party                                                Date

Supplemental Civil Cover Sheet
Page **2** of **2**

4. **Answer:**

Was an Answer made in State Court?  ☐ Yes          ☑ No

If "*Yes*," by which party and on what date?

_____          _____

Party                                                              Date

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|---|---|
| Defendant Maser Consulting P.A. | |
| | |
| | |
| | |
| | |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|---|---|
| none | |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW W. GOULD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: |
| | § | |
| MASER CONSULTING INC. F/K/A MASER | § | |
| CONSULTING P.A. D/B/A MASER | § | |
| CONSULTING, P.A., INC., | § | |
| | § | |
| Defendants. | § | |

## **DEFENDANT'S APPENDIX TO REMOVAL**

| Exhibit A | Plaintiff's Original Petition |
|---|---|
| Exhibit B | Issuance of Citation |
| Exhibit C | State Court Docket Sheet Case Summary |
| Exhibit D | State Court Notice of Filing Notice of Removal |

Respectfully submitted,

*/s/ Victor N. Corpuz*

Victor N. Corpuz
State Bar No. 04838450
Victor.Corpuz@jacksonlewis.com
Claire L. Cook
State Bar No. 24086220
Claire.Cook@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEY FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance to the Federal Rules of Civil Produce on this 18th, day of December, 2020.

Robert L. Chaiken
Carrie P. Kitner
CHARIKEN & CHAIKEN, P.C.
5717 Legacy Drive, Suite 250
Plano, Texas 75024
rchaiken@chaikenlaw.com
ckitner@chaikenlaw.com

*/s/ Victor N. Corpuz*
Victor N. Corpuz

FILED
11/18/2020 4:16 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kayla Buckley DEPUTY

Exhibit "A"

DC-20-17224

## CAUSE NO. _____

| | | |
|---|---|---|
| **MATTHEW W. GOULD,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **MASER CONSULTING INC. f/k/a MASER** | § | |
| **CONSULTING P.A. d/b/a MASER** | § | |
| **CONSULTING, P.A., INC.,** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Matthew W. Gould files this Original Petition complaining of Maser Consulting Inc. f/k/a Maser Consulting P.A. d/b/a Maser Consulting, P.A., Inc. and respectfully shows as follows:

## DISCOVERY CONTROL PLAN

1.    Discovery in this lawsuit is intended to be conducted under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

## PARTIES

2.    Plaintiff Matthew W. Gould is a resident of Denton County, Texas.

3.    Defendant Maser Consulting Inc. f/k/a Maser Consulting P.A. d/b/a Maser Consulting P.A., Inc. ("Maser") is a New Jersey corporation which transacts substantial business in the State of Texas and has a principal place of business in Dallas, Dallas County, Texas. Defendant may be served with process by serving its registered agent:  CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper over this Defendant because it maintains a principal place of business in Dallas, Dallas County, Texas and is otherwise subject to jurisdiction in this county as Plaintiff seeks monetary relief within this Court's jurisdictional limit of over $200,000, but not more than $1,000.000.

5.      Venue is proper in Dallas County because Dallas County is the county of Defendant's principal office in this State and the events giving rise to this case occurred in Dallas County.

## FACTUAL BACKGROUND

6.      On or about March 11, 2019, Plaintiff was hired by Defendant as a Geographic Discipline Leader.

7.      In December 2019, Plaintiff received a good review and also received a bonus from Defendant.

8.      On or about January 8, 2020, Plaintiff was diagnosed with Bipolar Disorder.  On or about January 17, 2020, after seeking a second opinion, Plaintiff informed his supervisor Greg Jeffries of the bipolar diagnosis.

9.      From January 2020 to late February 2020, Plaintiff began taking medication for his bipolar disorder that required him to acclimate to the medications and had visual side effects such as uncontrollable bouts of tremors and shaking.  On multiple occasions, employees of Defendant, including Greg Jeffries, referred to Plaintiff as "shaky".

10.      On March 18, 2020, Plaintiff received a furlough notice of 25%.  Plaintiff was the only employee in the Texas Geomatics division that received a furlough notice.

11.      On March 19, 2020, Plaintiff inquired with Defendant whether he would be able to

do other work to make up the 25%.

12.     On March 20, 2020, Plaintiff was terminated.  The reasons provided for Plaintiff's termination were mere pretext and Plaintiff's disclosed disability was the true reason for said termination in violation of applicable law.

## <u>DISABILITY DISCRIMINATION AND RETALIATION UNDER THE TEXAS LABOR CODE AND THE AMERICANS WITH DISABILITIES ACT, AS AMENDED</u>

13.     Pleading further and to the extent necessary, in the alternative, the conduct of the Defendant constitutes a violation of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act ("ADA") because Plaintiff suffered an adverse employment action and termination on account of his reported disability.  The evidence will show that:

    a.     Plaintiff was disabled (actually disabled and/or "regarded as" disabled due to his bipolar disorder);

    b.     Plaintiff was qualified for the position;

    c.     Plaintiff suffered an adverse employment action in that he was furloughed and then terminated from his employment with Defendant; and

    d.     The circumstances arising out of Plaintiff's adverse employment action and termination raise an inference of disability discrimination.

14.     The evidence will show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

15.     Moreover, the evidence will show that Defendant was aware of Plaintiff's actual disability due to his bipolar disorder and that Defendant failed to accommodate Plaintiff's employment.

16.     Additionally, Defendant intentionally retaliated against Plaintiff based on his disability.  When Plaintiff made Defendant aware of his disability, he was furloughed and ultimately wrongfully terminated in retaliation for reporting his disability.

## RESPONDEAT SUPERIOR

17.     Employees involved in the discrimination and retaliation described herein were at all times employees, agents, or representatives of the Defendant's company and were at all times acting in the course and scope of that employment. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives. Accordingly, Defendant is liable for such conduct under the doctrine of *respondeat* superior.

## DAMAGES

18.     Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

     a.     Lost wages, past and future;

     b.     Mental anguish, suffering, and emotional distress suffered in the past;

     c.     Mental anguish, suffering, and emotional distress which, in all reasonable probability, will be suffered in the future;

     d.     Compensatory damages and punitive damages in the maximum amount allowed by law;

     e.     Punitive damages; and

      f.     Reasonable attorney fees, expert fees and costs.

19.    Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable under the circumstances which is an amount within the jurisdictional limits of this court.

## ADMINISTRATIVE FILINGS

20.    Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission alleging that the Defendant had committed an unlawful employment action against Plaintiff.

21.    Thereafter, Plaintiff received a "Notice of Right to Sue" from the EEOC on August 21, 2020, giving Plaintiff notice of his right to sue Defendant and this suit is timely filed within ninety (90) days.

## JURY DEMAND

22.    Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a judgment be rendered for Plaintiff and against the Defendant, for the actual damages set out above in an amount the jury deems reasonable under the circumstances, but in an amount within the jurisdictional limits of the court as of the time of filing suit in this matter, along with costs of court, pre-judgment and post-judgment interest as allowed by law, attorneys' fees, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert L. Chaiken*
Robert L. Chaiken
State Bar No. 04057830
rchaiken@chaikenlaw.com
Carrie P. Kitner
State Bar No. 24074921
ckitner@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
5717 Legacy Dr., Suite 250
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

**ATTORNEYS FOR PLAINTIFF**

<span style="color:red">Exhibit "B"</span>

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**MASTER CONSULTING INC. F/K/A MASER CONSULTING P.A.**
**D/B/A MASER CONSULTING, P.A., INC.**
**SERVING REGISTERED AGENT CT CORPORATION**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW W. GOULD**

Filed in said Court  **18th day of November, 2020** against

**MASER CONSULTING INC. F/K/A MASER CONSULTING P.A. D/B/A MASER CONSULTING, P.A., INC.**

For Suit, said suit being numbered <u>**DC-20-17224,**</u> the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 24th day of November, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    KARI MALONE



---

**<u>ESERVE</u>**

**CITATION**

**DC-20-17224**

**MATTHEW W. GOULD**
**vs.**
**MASTER CONSULTING INC.**

**ISSUED THIS**
**24th day of November, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KARI MALONE, Deputy

**Attorney for Plaintiff**
ROBERT L CHAIKEN
ATTN CHAIKEN & CHAIKEN PC
5717 LEGACY DR STE 250
PLANO TX  75024
214-265-0250
**rchaiken@chaikenlaw.com**

<span style="color:red">**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**</span>

# OFFICER'S RETURN

Case No. :  DC-20-17224

Court No.68th District Court

Style: MATTHEW W. GOULD

 vs.

MASTER CONSULTING INC.

Came to hand on the _____day of_____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of_____County, _____ |  |
| For Notary | $_____ | By_____Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

## Case Information

<span style="color:red">Exhibit "C"</span>

DC-20-17224 | MATTHEW W. GOULD vs. MASTER CONSULTING INC.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-20-17224 | 68th District Court | HOFFMAN, MARTIN |
| File Date | Case Type | Case Status |
| 11/18/2020 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
GOULD, MATTHEW W.

Active Attorneys ▾

Lead Attorney
CHAIKEN, ROBERT L
Retained

DEFENDANT
MASTER CONSULTING INC.

  Aliases
  *FKA* MASER CONSULTING P.A.
  *DBA* MASER CONSULTING, P.A., INC
Address
REGISTERED AGENT CT CORPORATION
1999 BRYAN ST. STE. 900
DALLAS TX 75201

## Events and Hearings

| 11/18/2020 NEW CASE FILED (OCA) - CIVIL |
|---|

11/18/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

11/18/2020 ISSUE CITATION ▾

ISSUE CITATION - MASTER CONSULTING INC.

11/18/2020 JURY DEMAND

11/24/2020 CITATION▾

**Unserved**

Anticipated Server
ESERVE

Anticipated Method
Comment
MASTER CONSULTING INC.

## Financial

GOULD, MATTHEW W.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $340.00 |
| | Total Payments and Credits | | | $340.00 |
| 11/20/2020 | Transaction Assessment | | | $340.00 |
| 11/20/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 73198-2020-DCLK | GOULD, MATTHEW W. | ($340.00) |

**Documents**

ORIGINAL PETITION

ISSUE CITATION - MASTER CONSULTING INC.

CAUSE NO. DC-20-17224     <span style="color:red">Exhibit "D"</span>

| | | |
|---|---|---|
| **MATTHEW W. GOULD,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MASER CONSULTING INC. F/K/A** | § | **DALLAS COUNTY, TEXAS** |
| **MASER CONSULTING P.A. D/B/A** | § | |
| **MASER CONSULTING, P.A., INC.,** | § | |
| | § | |
| **Defendants.** | § | **68TH JUDICIAL DISTRICT** |

## DEFENDANT'S NOTICE OF FILING
## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code § 1446(d), Defendant Maser Consulting Inc. f/k/a Maser Consulting P.A. d/b/a Maser Consulting, P.A., Inc., ("Defendant") hereby gives notice of the filing of a Notice of Removal, removing this action from this Court to the United States District Court for the Northern District of Texas – Dallas Division.  A copy of Defendant's Notice of Removal, filed this day in federal court, is attached hereto as Exhibit A.

This Court is respectfully requested to proceed no further in this action, unless and until this action may be remanded by order of the United States District Court.

Respectfully submitted,

/s/ Victor N. Corpuz
Victor N. Corpuz
State Bar No. 04838450
Victor.Corpuz@jacksonlewis.com
Claire L. Cook
State Bar No. 24086220
Claire.Cook@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by electronic service on this 18th day of December, 2020.

Robert L. Chaiken
Carrie P. Kitner
CHARIKEN & CHAIKEN, P.C.
5717 Legacy Drive, Suite 250
Plano, Texas 75024
rchaiken@chaikenlaw.com
ckitner@chaikenlaw.com

/s/ Victor N. Corpuz
Victor N. Corpuz